UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS KELLEY,   CASE NO. 2:11-CV-13116
                JUDGE VICTORIA A. ROBERTS
      Plaintiff,   MAGISTRATE JUDGE PAUL J. KOMIVES
v.

CITY OF PONTIAC, et al.,

      Defendants.
_____/

**ORDER DEEMING RESOLVED PLAINTIFF'S MOTIONS TO COMPEL (Doc. Entries 58 and 65) and GRANTING DEFENDANT BOUCHARD'S MOTION FOR PROTECTIVE ORDER REGARDING HIS DEPOSITION (Doc. Ent. 55)**

**A.**    **Background**

**1.**    On July 19, 2011, plaintiff Marcus Kelley filed the instant lawsuit pro se while incarcerated at the Oakland County Jail (OCJ). Doc. Ent. 1.[1] The facts underlying the complaint stem from alleged events of July 30, 2010; his January 14, 2011 acquittal;[2] and the alleged events of February 3-4, 2011.[3] Doc. Ent. 1 at 5-11.

On October 12, 2012, Judge Roberts entered an order (Doc. Ent. 32) of assignment of

---

[1] Kelley is currently incarcerated at the Michigan Department of Corrections (MDOC) Kinross Correctional Facility (KCF) where he is serving a sentence imposed on May 7, 2012 for violations of a controlled substance statute (Mich. Comp. Laws § 333.7401). *See People v. Kelley*, Case No. 2011-236105-FH (Oakland County); www.michigan.gov/corrections, "Offender Search;" & Doc. Ent. 69-8 at 4-5 (Oakland County Register of Actions).

[2] On September 7, 2010, Marcus Mandelle Kelley was charged with a July 30, 2010 violation of Mich. Comp. Laws § 750.377b ("Malicious destruction of police or fire department property"). He was acquitted on January 14, 2011. *See People v. Kelley*, Case No. 2010-233571-FH (Oakland County), Doc. Ent. 69-8 at 1 (Oakland County Register of Actions).

[3] On February 3, 2011, Marcus Mandelle Kelley was charged with first-degree home invasion. Kelley was found guilty on July 21, 2011 and was sentenced on August 30, 2011. *See People v. Kelley*, Case No. 2011-235432-FH (Oakland County), Doc. Ent. 69-8 at 2-3 (Oakland County Register of Actions).

counsel. By way of the Court's November 8, 2012 scheduling order (Doc. Ent. 39), an amended complaint was due by December 6, 2012.

2.     On December 6, 2012, plaintiff, via counsel, filed a first amended complaint against twenty-two (22) defendants: City of Pontiac; County of Oakland; City of Pontiac Police Officers Tim Norton, Wheatcroft, McDougal, Giolitti, McDonald, Roberts, Garcia, Miller and Wood; and Oakland County Sheriff Department employees Michael Bouchard, Pankey, Bearer, Miles, Myers, Rushton, Wilson, Howden, Delagarza, Sheltrowne and Morton. Doc. Ent. 40 ¶¶ 3-6.

Here, too, plaintiff's factual allegations concern the alleged events of July 30, 2010; his January 14, 2011 acquittal; and the alleged events of February 3, 2011. Doc. Ent. 40 ¶¶ 11-63. Plaintiff specifically alleges that the Oakland County Narcotics Enforcement Team (NET) member(s) were involved in the alleged July 30, 2010 and February 3, 2011 events. Doc. Ent. 40 ¶¶ 12, 14, 34.

There are eleven (11) causes of action: (I) 42 U.S.C. § 1983 as to the individual defendants; (II) 42 U.S.C. § 1983 as to the City of Pontiac and Oakland County; (III) supervisory liability of defendant Bouchard; (IV) gross negligence; (V) 42 U.S.C. § 1983 conspiracy; (VI) assault and battery; (VII) false arrest/false imprisonment; (VIII) intentional infliction of emotional distress; (IX) denial of prisoner's access to court; (X) malicious prosecution; and (XI) malicious prosecution in violation of the Fourth Amendment. Doc. Ent. 40 ¶¶ 64-123.[4]

B.     **Pending Motions**

1.     On September 27, 2013, defendant Bouchard filed a motion for protective order

---

[4]Defendants' City of Pontiac, Norton, Wheatcroft, McDougal, Giolitti, McDonald, Roberts, Garcia, Miller and Wood filed an answer on December 21, 2012. Doc. Ent. 41. On December 26, 2012, the Oakland County defendants (Bearer, Michael Bouchard, Delagarza, Marc Ferguson, Howden, Miles, Myers, County of Oakland, Pankey, Rushton, Sheltrowne and Wilson) filed an answer. Doc. Ent. 42.

regarding his deposition. Doc. Ent. 55. Among the attachments to this motion is a September 23, 2013 electronic mail in which defense counsel informs plaintiff's counsel, "I will not be producing Sheriff Bouchard for a deposition as he has no personal knowledge regarding this matter." Doc. Ent. 55-2 at 2.

A response and reply were filed. Doc. Entries 76 and 77.

**2.** On November 22, 2013, plaintiff filed a motion to compel dates certain for depositions of defendants and recently disclosed critical fact witnesses. Doc. Ent. 58. Responses were filed. Doc. Entries 60 (Bearer, Michael Bouchard, Delagarza, Marc Ferguson, Howden, Miles, Myers, County of Oakland, Pankey, Rushton, Sheltrowne, Wilson) and 61 (Garcia, Giolitti, McDonald, McDougal, Miller, Tim Norton, City of Pontiac, Roberts, Wheatcroft, Wood).

**3.** On March 31, 2013, plaintiff filed a motion to compel the deposition of Marc Ferguson. Doc. Ent. 65. On April 15, 2014, the Oakland County defendants filed a response. Doc. Ent. 71.[5]

**4.** By way of the Court's January 30, 2014 stipulated order, the dispositive motion cut-off was extended to March 31, 2014. Doc. Ent. 62. On March 31, 2014, several defendants filed motions for summary judgment. *See* Doc. Entries 66 (City of Pontiac), 67 (Oakland County and Sheriff Bouchard) & 68 (Oakland County individual defendants Ferguson, Pankey, Bearer, Miles, Rushton, Wilson, Howden, Myers, Delargarza & Sheltrowne). On April 1, 2014, the City of Pontiac individual defendants (Garcia, Giolitti, McDonald, McDougal, Miller, Tim Norton, Roberts, Wheatcroft & Wood) filed a motion for summary judgment. Doc. Ent. 69.

---

[5]Marc Ferguson was deposed on May 15, 2014. *See* Doc. Ent. 76-1. During the deposition, he acknowledged his December 28, 2012 termination of employment from the Oakland County Sheriff's Department. Doc. Ent. 76-1 at 12.

By way of the Court's May 19, 2014 stipulated order, dispositive motion responses are due on June 16, 2014 and dispositive motion replies are due on July 8, 2014.  Doc. Ent. 75.

**C.     Discussion**

**1.**     On May 29, 2014, the parties filed a joint statement of resolved and unresolved issues.  Doc. Ent. 78.  Therein, the Court was informed that the issues presented in the latter filed motions (Doc. Entries 58 and 65) were resolved.

Thus, on the date set for hearing, the Court needed only to entertain oral argument regarding defendant Bouchard's September 27, 2013 motion for protective order regarding his deposition.  Doc. Ent. 55.

**2.**     As indicated in the May 29, 2014 joint statement, plaintiff relies upon his May 23, 2014 response (Doc. Ent. 76), which he admits was tardy; however, he points out that this was due to Ferguson not presenting himself for deposition until May 15, 2014 (Doc. Ent. 76-1).  Doc. Ent. 78 at 2.

On the other hand, the Oakland County defendants argue that (1) "[d]efendants' motion should be granted based on plaintiff's failure to respond to the motion[,]" and (2) "[p]laintiff has failed to demonstrate that Sheriff Bouchard has information that cannot or could not have been obtained from other sources."  Doc. Ent. 78 at 2-5.

**3.**     On June 4, 2014, plaintiff's counsel Racine M. Miller and Oakland County defendants' counsel Rick J. Patterson appeared.  In their motion, defendants had cited several cases in their discussion of the deposition of high ranking government officials, including Judge Hood's decision in *Jackson v. City of Detroit*, No. 05-74236, 2007 WL 2225886 (E.D. Mich. Aug. 1,

2007) (Hood, J.).[6]  *See* Doc. Ent. 55 at 6-10, Doc. Ent. 55-5.  Perhaps in response to defendants' reliance upon *Alberto v. Toyota Motor Corp.*, 289 Mich. App. 328, 336, 796 N.W.2d 490 (2010) (Doc. Ent. 55 at 10),[7] plaintiff's counsel's oral argument asserted that "the apex doctrine"[8] has not been adopted by the Sixth Circuit.

As to the possibilities of obtaining the information sought from another source, defense counsel referred to the November 14, 2013 deposition of Lieutenant Brent Miles, Commander of the Narcotics Enforcement Team (NET) unit who was a sergeant over a NET crew at the time of the events underlying plaintiff's complaint.  *See* Doc. Ent. 67-8 at 4, Doc. Ent. 77 at 3-4.  He also referred to plaintiff's requests to produce to Oakland County, whereby plaintiff allegedly obtained policy information.

Furthermore, during the hearing, defense counsel argued that plaintiff had not established

---

[6]"Plaintiff has made a showing that Defendant Bully-Cummings has some personal knowledge of the facts at issue in the instant case. However, the Court is not persuaded that the information sought could not adequately be discovered through other means, such as interrogatories. Following the Court's discussion with the parties on July 23, 2007, the Court decided that Plaintiff is permitted to propound fifty (50) interrogatories upon Defendant Bully-Cummings. Plaintiff must also designate with particularity the documents, which should not exceed approximately twelve documents, that Defendant Bully-Cummings should review, prior to responding to the interrogatories.
As such, Plaintiff's Motion for a Protective Order is GRANTED, without prejudice to Plaintiff's right to depose Defendant Bully-Cummings upon petition to the Court. Following the utilization of alternative discovery tools, and upon a showing to the Court that the information can only be adequately discovered through a deposition, Plaintiff may further petition the Court to depose Defendant Bully-Cummings." *Jackson*, 2007 WL 2225886, *3-*4.

[7]"We hold that the apex-deposition rule applies to high-ranking officials in the public sector and to high-ranking corporate officers in the private sector." *Alberto*, 289 Mich. App. at 336.

[8]By way of background, "the 'apex doctrine' [is] a doctrine that bars the deposition of high-level executives absent a showing of their 'unique personal knowledge' of relevant facts[.]" *Serrano v. Cintas Corp.*, 699 F.3d 884, 900 (6th Cir. 2012).

Bouchard's personal knowledge.  *See also* Doc. Ent. 77 at 4.

**4.**     Upon consideration, defendant Bouchard's September 27, 2013 motion for protective order regarding his deposition (Doc. Ent. 55) is granted.  To begin, upon being informed on September 23, 2013 that defense counsel did not intend to produce Sheriff Bouchard for deposition, plaintiff's counsel responded to defense counsel that same day by explaining why plaintiff wanted to take Bouchard's deposition.  *See* Doc. Ent. 55-2.  However, plaintiff did not file his own motion to compel, nor did plaintiff timely respond to defendant Bouchard's September 27, 2013 motion for protective order (Doc. Ent. 55).

Also, plaintiff did not file a motion challenging the sufficiency of defendant County of Oakland's discovery responses.  In fact, since the October 12, 2012 order of assignment of counsel (Doc. Ent. 32), the only motions to compel filed by plaintiff were the November 22, 2013 motion to compel dates certain for depositions (Doc. Ent. 58) and the March 31, 2014 motion to compel deposition of Marc Ferguson (Doc. Ent. 65).

**D.**     **Order**

Accordingly, the motions to compel (Doc. Entries 58 and 65) are DEEMED RESOLVED.  Furthermore, defendant Bouchard's September 27, 2013 motion for protective order regarding his deposition (Doc. Ent. 55) is GRANTED.  As such, plaintiff may not attempt to take the deposition of Oakland County Sheriff Michael Bouchard in this matter.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: June 5, 2014	s/Paul J. Komives
	PAUL J. KOMIVES
	UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on June 8, 2014, electronically and/or by U.S. Mail.

	s/Michael Williams
	Case Manager for the
	Honorable R. Steven Whalen