UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS KELLEY,

    Plaintiff,                                      Case No. 11-13116
                                                  Hon. Victoria A. Roberts

v.

MARC FERGUSON, et al.

    Defendant.

_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION (DOC. # 93)**
**AND ADDRESSING ADDITIONAL ISSUE OF SEVERANCE**

**I.    INTRODUCTION**

Marcus Kelley ("Kelley") filed an utterly confusing complaint against Oakland County, Sheriff Michael Bouchard, the City of Pontiac and twenty individuals employed either by Oakland County or the City of Pontiac. His complaint contains eleven counts arising from three distinct incidents spanning six months.

The three incidents that give rise to Kelley's complaint are: (1) a traffic stop on July 30, 2010 in the City of Pontiac; (2) a police raid of Kelley's Montana Street home in the City of Pontiac February 3, 2011; and (3) an incident during his confinement at the Oakland County Jail in February 2011.

Only two of the counts specifies which incidents the allegations pertain to, or which defendant(s) was involved. Kelley's complaint contains a battery of allegations, most of which are alleged against all defendants. For instance, Count IX for "denial of

1

prisoner's access to court," does not specify which Defendants the count applies to; instead, it says "Defendants intentionally prevented Plaintiff's access to legal research and encouraged or participated in the destruction of his legal documents, while under color of law." (Doc. # 40). The Court is left to wonder: does this allegation pertain to the traffic stop, the house raid, the confinement, or all of the above? Did all Defendants allegedly do this? This lack of guidance from Kelley has forced the Court to do far more deciphering than it should be required to.

That said, Kelley alleges: (1) violations of the U.S. Constitution and 42 U.S.C. § 1983 by the individual Defendants; (2) violations of the U.S. Constitution and 42 U.S.C. § 1983 by the City of Pontiac and Oakland County; (3) supervisory liability; (4) gross negligence (5) conspiracy to violate 42 U.S.C. § 1983 and Kelley's civil rights; (6) assault and battery (7) false imprisonment; (8) intentional infliction of emotional distress; (9) denial of prisoner's access to courts; (10) state malicious prosecution; and (11) federal malicious prosecution.

After deciphering Kelley's complaint and the various motions filed, it appears the individual Pontiac Defendants and the individual Oakland County Defendants were involved in the July 30, 2010 traffic stop and the February 3, 2011 house raid; however, none of the individual Pontiac or individual Oakland County Defendants was involved in the incident at the Oakland County Jail.

## II.     MAGISTRATE JUDGE PATTI'S RECOMMENDATION

Magistrate Judge Patti recommends that the Court: (1) grant Defendants' Oakland County and the City of Pontiac Motions for Summary Judgment (Doc. # 66 and 67); (2) grant in part and deny in part the Oakland County individual Defendants' Motion

for Summary Judgment (Doc. # 68); and (3) grant in part and deny in part the City of Pontiac individual Defendants' Motion for Summary Judgement (Doc. # 69).

### III. BACKGROUND

The Court referred Defendants' fully briefed motions for summary judgment to Magistrate Judge Anthony P. Patti. On February 13, 2015, Magistrate Judge Patti issued a Report and Recommendation.

#### A. Factual Background

The Court incorporates by reference Magistrate Judge Patti's recitation of the various versions of events.

#### B. Magistrate Judge Patti's Findings

Magistrate Judge Patti based his recommendations that summary judgment be granted in favor of Oakland County, Sheriff Bouchard, the City of Pontiac, and various individual Defendants from Pontiac and Oakland County on these findings:

(1) Kelley could not prove his *Monell* claim against Oakland County, its Sheriff Bouchard, or the City of Pontiac because he failed to prove a policy, custom or practice authorizing illegal conduct, or any prior instances of unconstitutional conduct.

(2) Kelley failed to allege any facts indicating the individual Oakland County Defendants used excessive force in violation of the Fourth Amendment against Kelley during either the July 30, 2010 traffic stop or the February 3, 2011 house raid.

(3) Kelley failed to identify any facts indicating the individual Pontiac Defendants McDonald, Wood, Roberts, Miller, Garcia, and Morton (leaving only individual Pontiac Defendants Wheatcroft, McDougal, and Giolitti) used excessive force in violation of the

Fourth Amendment against Kelley during either the July 30, 2010 traffic stop or the February 3, 2011 house raid.

(4) Kelley could not sustain a supervisory liability claim under 42 U.S.C. § 1983 against Sheriff Bouchard because Kelley only alleged *respondeat superior* liability, which is not actionable under § 1983 against him; and, Kelley failed to show that Sheriff Bouchard had knowledge of Kelley or any of the three incidents.

(5) Kelley's gross negligence claim arising from all three incidents failed because it arose from the same facts as his state-law assault and battery, false imprisonment, and malicious prosecution claims. Importantly, under Michigan law, a gross negligence claim based on intentional torts is not an independent cause of action.

(6) Kelley could not demonstrate the individual Defendants from either jurisdiction conspired to violate his civil rights; he only made conclusory allegations that they relied on false information, but made no showing that the information was false. Magistrate Judge Patti concluded that Kelley also failed to provide evidence of conspiracy.

(7) Kelley could not sustain a false imprisonment claim arising out of the July 30, 2010 traffic stop against any individual Pontiac Defendant, or individual Oakland County Defendants Rushton, Bearer, Myers, Wilson, Howden, Miles, and Delagarza, because Kelley did not allege any of them were the arresting officers.

(8) Kelley could not sustain a false imprisonment claim arising out of the February 3, 2011 house raid against any individual Pontiac Defendant or any individual Oakland County Defendant. While Kelley claimed that individual Oakland County Defendant Ferguson's affidavit in support of the warrant contained falsehoods, Kelley

was convicted of the offense for which he was arrested, and failed to provide evidence of the alleged falsehood.

(9) Kelley could not sustain his intentional infliction of emotional distress claim arising from any incident; he failed to proffer any evidence that Defendants' conduct was "extreme and outrageous" in the context of his arrests.

(10) Kelley could not sustain his denial of access to courts claim arising from his incarceration at the Oakland County Jail because he failed to show that any Defendant encouraged his cell mate to urinate on his legal papers; nor did he show that his criminal case suffered as a result of the loss of the papers: his lawyer already had the information contained in the papers.

(11) Kelley could not sustain his state or federal malicious prosecution claims against any individual Defendant from Pontiac or Oakland County because the criminal charges against Kelley did not resolve in his favor for the February 3, 2011 incident, and Kelley failed to show that Defendant Ferguson initiated malicious destruction of property charges against Kelley arising from the July 30, 2010 incident.

(12) Kelley could not sustain his claims against individual Oakland County Defendant Ferguson. Although Kelley alleges Ferguson provided false information to establish probable cause which led to the July 30, 2010 traffic stop, Kelley failed to proffer evidence to make such a showing. Additionally, Kelley failed to prove Ferguson initiated Kelley's July 30, 2010 arrest for malicious destruction of police property.

In addition to the above findings, Magistrate Judge Patti did recommend that the following claims proceed to trial:

(1) Count I, Violation of the U.S. Constitution against Individual Defendants (42

U.S.C. § 1983) (Fourth Amendment Excessive Force). Magistrate Judge Patti recommends that the claim proceed against individual Pontiac Defendants Wheatcroft, McDougal, and Giolitti arising from the February 3, 2011 house raid. Kelley says when police officers entered his home on February 3, 2011, he complied with their commands that he freeze, raise his hands, and get on the floor, yet the officers hit, kicked, and choked him while he was lying down and in handcuffs. Individual Pontiac Defendants Wheatcroft, McDougal, and Giolitti all admit they used force against Kelley, but insist that the force was necessary because Kelley was standing when they entered the room and repeatedly resisted attempts to handcuff him. This creates a genuine issue of material fact.

Moreover, Magistrate Judge Patti found individual Pontiac Defendants Wheatcroft, McDougal, and Giolitti were not entitled to qualified immunity; Kelley alleged enough facts for a jury to find that the officers did use excessive force against him and the Defendants' statements did not "utterly discredit" Kelley's evidence.

(2) Count VI, Assault and Battery. Magistrate Judge Patti recommends that the claim proceed against individual Pontiac Defendants Wheatcroft, McDougal, and Giolitti arising from the February 3, 2011 house raid. Magistrate Judge Patti found Kelley alleged enough facts to create a genuine issue of material fact that these Defendants used unlawful force on Kelley and it was not done in good faith. As a result of the possible lack of good faith, individual Pontiac Defendants Wheatcroft, McDougal, and Giolitti were not entitled to qualified immunity, according to Magistrate Judge Patti.

(3) Count VII, false imprisonment. Magistrate Judge Patti recommends that the claim proceed against individual Oakland County Defendant Pankey arising from the

July 30, 2010 traffic stop.

No part of Kelley's claims arising from the jail incident in February 2011 survives in Magistrate Judge Patti's recommendation.

## IV.  STANDARD OF REVIEW AND COURT'S ADDITIONAL FINDINGS

A court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b) (1). A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *Id.* A district court need not conduct *de novo* review where the objections are "[f]rivolous, conclusive or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986)(citation omitted).

Through its *de novo* review, the Court adopts the findings of Magistrate Judge Patti, and makes additional findings concerning Kelley's ability to maintain some of his claims:

(1) Kelley could not sustain an intentional infliction of emotional distress claim in the context of his confinement at Oakland County Jail because there is no evidence that any of the Defendants were involved in encouraging Kelley's cellmate to urinate on Kelley's legal papers. See *Diaz v. Romita*, No. 05-70928, 2006 WL 903622, at *9 (E.D. Mich. Apr. 7, 2006) ("Whether a **defendant's acts** were sufficiently outrageous depends upon the context in which the **defendant committed** them.")(emphasis added).

(2) Kelley could not sustain an assault and battery claim against the individual Oakland County Defendants because he did not allege they used force on him during either the July 30, 2010 traffic stop or the February 3, 2011 house raid. Moreover, he

could not sustain an assault and battery claim against individual Pontiac Defendants McDonald, Wood, Roberts, Miller, Garcia, and Morton (leaving only individual Pontiac Defendants Wheatcroft, McDougal, and Giolitti) because he did not allege they used force on him during either the July 30, 2010 traffic stop or the February 3, 2011 house raid.

**V.    DISCUSSION**

After carefully reviewing the cross motions for summary judgment, the Report and Recommendation, the parties' objections, and the remainder of the record, the Court agrees with Magistrate Judge Patti's recommendations, but addresses an additional issue concerning severance. The Court finds it necessary to sever and dismiss Kelley's false imprisonment claim arising from the July 30, 2010 traffic stop, which now only survives against Defendant Pankey.

Rule 20(a) of the Federal Rules of Civil Procedure ("FRCP") allows for permissive joinder of defendants when the alleged claim "arises out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." However, "[i]n the absence of a connection between defendants' alleged misconduct, the mere allegation that plaintiff was injured by all defendants is not sufficient [by itself] to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)." *Peterson v. Regina*, 935 F. Supp. 2d 628, 638 (S.D.N.Y. 2013). In the event of misjoinder, the court may sever the claims against the misjoined party to allow for a separate proceeding. *Harris v. Gerth*, No. 08-CV-12374, 2008 WL 5424134, at *4 (E.D. Mich. Dec. 30, 2008). Severance is appropriate when the claims "are against other defendants and involve distinct factual

scenarios, different time periods and different legal standards." *Fields v. Martin*, No. 13-CV-10166, 2013 WL 5182182, at *4 (E.D. Mich. Sept. 13, 2013). See also, *Ketchuck v. Ferris*, 2011 WL 3666594, at *3–4 (N.D.N.Y. Mar. 31, 2011) ("where two plaintiffs brought claims based on separate arrests, the court severed the claims because 'while the claims asserted by the two share common themes and therefore present related issues of law, the facts associated with each are different'").

Kelley's false imprisonment claim arising from the July 30, 2010 traffic stop now only involves Defendant Pankey, an Oakland County detective. It has absolutely no connection to his arrest six months later arising from the February 11, 2011 house raid. Kelley's claims arising from the house raid - assault and battery and excessive force - involve only individual Pontiac Defendants. Distinct factual scenarios are presented, different time periods are implicated, and different legal standards will apply. Thus, the false imprisonment claim is misjoined and severance is necessary.

Furthermore, Kelley's false imprisonment claim is not pled as a federal one. Federal courts have limited subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. See 28 U.S.C. §§ 1331, 1332; *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Kelley fails to allege that the false imprisonment claim arises under federal law. Nor does he satisfy diversity. Kelley's false imprisonment claim against individual Defendant Pankey is deemed a state claim and dismissed for that reason as well.

Otherwise, the Court adopts Magistrate Judge Patti's Report and

Recommendation. Magistrate Judge Patti accurately laid out the facts and relevant portions of the record; he engaged in a thorough analysis of the issues and provided reasoned explanations for his conclusions. In reaching his conclusions, Magistrate Judge Patti considered the entire record and applied the appropriate standard of review.

## VI.   CONCLUSION

The Court **ACCEPTS** Magistrate Judge Patti's Report and Recommendation and on its own Severs Count VII against Pankey.

Accordingly,

(1)   **Count I** (Violation of the U.S. Constitution against individual Defendants 42 U.S.C. § 1983 Fourth Amendment excessive force) only proceeds against individual Pontiac Defendants Wheatcroft, McDougal, and Giolitti. **Count I** as to all other Defendants is **DISMISSED WITH PREJUDICE.**

(2)   **Count II** (Violation of the U.S. Constitution against City of Pontiac and Oakland County Defendants) is **DISMISSED WITH PREJUDICE**.

(3)   **Count III** (Supervisory Liability of Defendant Bouchard) is **DISMISSED WITH PREJUDICE.**

(4)   **Count IV** (Gross Negligence) is **DISMISSED WITH PREJUDICE**

(5)   **Count V** (Violation of 42 U.S.C. § 1983 Conspiracy to violate civil rights of Plaintiff ) is **DISMISSED WITH PREJUDICE**.

(6)   **Count VI** (Assault and Battery) only proceeds against individual Pontiac Defendants Wheatcroft, McDougal, and Giolitti. **Count VI** as to all other

Defendants is **DISMISSED WITH PREJUDICE.**

(7)    **Count VII** (False Imprisonment) is **DISMISSED WITH PREJUDICE** against all Defendants except Pankey; and **SEVERED** and **DISMISSED WITHOUT PREJUDICE** against Pankey.

(8)    **Count VIII** (Intentional Infliction of Emotional Distress) is **DISMISSED WITH PREJUDICE.**

(9)    **Count XI** (Denial of Prisoner's Access to Court) is **DISMISSED WITH PREJUDICE.**

(10)   **Count X** (Malicious Prosecution) is **DISMISSED WITH PREJUDICE**.

(11)   **Count XI** (Malicious Prosecution in Violation of the Fourth Amendment) is **DISMISSED WITH PREJUDICE.**

Trial will proceed on Counts I and VI only, and only against Defendants Wheatcroft, McDougal, and Giolitti.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  March 24, 2015

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 24, 2015.

s/Linda Vertriest
Deputy Clerk