UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Marcus Kelley,

    Plaintiff,

vs                                                            Case No: 11-13116

                                                             Honorable Victoria A. Roberts

Marc Ferguson, et al.,

    Defendant.

_____/

## ORDER GRANTING OBJECTIONS TO BILL OF COSTS

**I. INTRODUCTION**

On March 24, 2015, judgment entered in favor of a number of Defendants. The prevailing parties requested the clerk to tax court reporter fees totaling $1,045.75. These costs were taxed on April 3, 2015. Plaintiff filed Objections (Doc. 107) seeking a review of the clerk's order.

    The Court **GRANTS** Plaintiffs' Objections.

**II. BACKGROUND**

    Marcus Kelley filed a complaint against Oakland County, Sheriff Michael Bouchard, the City of Pontiac and twenty individuals employed either by Oakland County or the City of Pontiac. The Court entered Judgment on March 24, 2015 to

1

dismiss several defendants. (Doc. 102) On March 31, 2015, the dismissed defendants filed a Bill of Costs for the costs described above which was granted. (Doc. 105)

In his Objections, Plaintiff claims Defendants failed to provide any explanation regarding apportionment of costs among multiple defendants. Plaintiff also says that if any party files an appeal from the judgment serving as the basis for the bill of costs, the clerk typically denies taxation without prejudice to the prevailing party filing a new bill of costs if judgment is affirmed on appeal. Plaintiff has an appeal pending. Finally, Plaintiff argues that he is in prison and has no income or financial support, and is indigent and unable to pay any costs.

The Plaintiff is incarcerated. He raises his indigency through a letter he wrote filed Nov. 23, 2015, requesting that he not be required to make payments until he is released from prison.

### III. ANALYSIS

Fed. R.Civ. P. 54(d)(1), combined with 28 U.S.C. §1920, govern the taxation of costs.

Fed. R. Civ P. 54(d)(1) states unless federal statute, these rules or court order provides otherwise, costs other than attorney's fees should be allowed to the prevailing party. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

28 U.S.C. § 1920 states a judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Under the United States District Court Eastern District of Michigan Local Rules 16.5(d), actual costs may be awarded. However, if a statute or Federal Rule of Civil Procedure also authorizes payment of costs, duplicate costs may not be awarded. Under LR 54.1, a party seeking costs must file a bill of costs no later than 28 days after the entry of judgment. The clerk will tax costs under Fed. R. Civ. P. 54(d)(1) as provided in the Bill of Costs Handbook available from the clerk's office and the court's web site.

The plaintiff's indigency does not prevent the taxation of costs against him. Several courts of appeals have approved the taxation of costs against indigent civil rights plaintiffs. See *Flint v. Haynes*, 651 F.2d 970, 972-73 (4th Cir. 1981), *cert. denied*, 454 U.S. 1151, 71 L. Ed. 2d 306, 102 S. Ct. 1018 (1982); *Harris v. Forsyth*, 742 F.2d 1277, 1278 (11 Cir. 1984); *Lay v. Anderson*, 837 F.2d 231, 232-33 (5th Cir. 1988). However, when a party claims indigency, this circuit requires that a determination of his or her capacity to pay the costs assessed be made. *In re Ruben*, 825 F.2d 977, 987 (6th

Cir. 1987), *cert. denied sub nom. Swan v. Ruben*, 485 U.S. 934, 108 S. Ct. 1108, 99 L. Ed. 2d 269 (1988); *Haynie v. Ross Gear Div. of TRW Inc.*, 799 F.2d 237, 243 (6th Cir. 1986), *vacated*, 482 U.S. 901, 107 S. Ct. 2475, 96 L. Ed. 2d 368 (1987). Sales v. Marshall, 873 F.2d 115, 120 (6th Cir. 1989).

The factors employed in the exercise of a court's discretion in overcoming the presumption in favor of a cost award include the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs. While the ability of the winning party to pay his own costs is irrelevant, a court may consider the indigency of the losing party as a factor in favor of denying an award of costs. *Jones v. Continental Corp.,* 789 F.2d 1225, 1233 (6th Cir.1986). Abbs v. Con-Way Cent. Exp., Inc., CIV. 04-60201, 2007 WL 1017364, at *6 (E.D. Mich. Apr. 3, 2007).

Plaintiff does not address these factors beyond asserting his indigency and the fact of his incarceration. The Court also notes that the costs taxed in the amount of $1,045.75, are on behalf of 11 defendants which will net each of them $95.07. The Court exercises its discretion to deny taxation of costs.

## IV. CONCLUSION

Plaintiffs' Objections to Bill of Costs is **GRANTED.**

**IT IS ORDERED.**

                                             s/Victoria A. Roberts
                                             Victoria A. Roberts
                                             United States District Judge

Dated:   February 26, 2016

The undersigned certifies that a copy of this document was served on the attorneys of record and Marcus Kelley by electronic means or U.S. Mail on February 26, 2016.

s/Linda Vertriest
Deputy Clerk